[3rd Circuit.

Hawley,
vs.
Sheldon.

HAWLEY vs. SHELDON, ET. AL.

It is a general rule that the Court of Chancery will not decree a specific performance when the remedy is not mutual or one party only is bound by the agreement.

The court having obtained possession of the case will retain it for the purpose of adjusting the accounts between the parties, though the relief sought ( a specific performance ) cannot be granted.

The bill in this case was for the specific performance of a contract, and for the settlement of an account between the parties ; and the prayer was that the balance found due might be applied on the contract. The facts, as appears by the bill, answers and proofs, are that the defendant Sheldon, in May, 1834, proposed to the complainant to remove from Dearbornville, Wayne county, Michigan, to Kalamazoo, to keep the public house, and as an inducement, offered to sell one-half of the public house or tavern and lands attached to it with the appurtenances to the complainant for $4,000, or the whole at the same rate. This was in 1835. The proposition was in writing, but no answer except a verbal one seems to have been given, though the complainant intended to have accepted and taken one-half of the premises, and did remove to Kalamazoo, and entered into possession of the whole premises. Considerable improvements had been made to the tavern-house and out buildings by the complainant, and no rent had been demanded or paid, though he had been in possession some four years. The defendants were indebted to complainant in a large sum on account of board, &c., which he insisted was to apply towards the purchase price of the property ; and they insisted was to be cancelled by the rent due from complainant. It does not appear that Burdick and Lyon ever authorized Sheldon to make the proposition to sell, or even knew of it until about the time the bill was filed.— There is no memorandum in writing except the proposition to sell from Sheldon, and he denies positively that it was accepted by the complainant. The bill was filed in April, 1839, and it appeared the defendants or Sheldon had sold his interest to other persons prior to that time.

A. PRATT & D. B. WEBSTER, for complainant.

C. E. STUART & H. MOWER, for defendants.

THE CHANCELLOR.—The defendants in their answers severally and positively deny the existence of any agreement to sell the premises in question, and two of them deny all knowledge of any such pretence until a short period before the filing of this bill.

There is in proof a proposition made by the defendant, Sheldon, in the alternative to sell either the whole or the half of the premises. There is no sufficient proof that this proposition was accepted and a mutual contract based upon it obligatory upon all the parties.

It is a general rule that a court of equity will not decree a specific performance where the remedy is not mutual, or one party only is bound by the agreement. *Parkhust* vs. *Van Cortlant*, 1 *J. C. R.* 281. It is not proved that Sheldon had authority to make the proposition from the other parties in interest who deny all knowledge of any such claim until a very recent period and many years after the proposition had been made. To test the right of complainant to the relief he seeks it is but necessary to ask the question, if from the showing in the case it would have been in the power of the defendants or any of them if the property had decreased in value, to have coerced the complainant to make the purchase. But the defendant under this indefinite proposition has made valuable improvements upon the property with the knowledge and assent of the defendants, under an arrangement as they say, that the expense of the improvements should be allowed for in payment of rent. However this may have been, the complainant is entitled to pay for those improvements whether they were made relying upon the imperfect arrangement with Sheldon or under the understanding as stated by the defendants. From the changes in the title to the property and the singularly indefinite manner in which this business has been transacted, the remedy of the complainant at law would perhaps be difficult and less plain and adequate than in this court.

Under the circumstances of the case I deem it the duty of the court to retain the case and direct a reference to ascertain the cost of the improvements and also to state an account between the complainant and Burdick and Sheldon, the present owners of the property, allowing in stating the account a fair and reasonable rent for the premises during the period they were occupied by the complainant. This

3rd Circuit.

Hawley.
vs.
Sheldon.

was done in the case in 1 *J. C. R.*, 273, before referred to, a case very analagous to the present in all its important features.

Decree accordingly.